Rakesh M. Amin (admitted pro hac vice)
rakesh@amintalati.com
Ryan M. Kaiser (admitted pro hac vice)
ryan@amintalati.com
**AMIN TALATI, LLC**
225 N. Michigan Ave., Suite 700
Chicago, IL 60601
(312) 466-1033
(312) 884-7352 (fax)

Darren S. Rimer (SBN 179,696)
darren@rimermath.com
**RIMER & MATHEWSON LLP**
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
(949) 367-1541
(949) 265-9010 (fax)

Attorneys for Plaintiff
SUSTAINABLE SOURCING, LLC

Brian H. Newman (SBN: 205373)
bnewman@dykema.com
**DYKEMA GOSSETT LLP**
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant WBM, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSTAINABLE SOURCING, LLC, a Massachusetts limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WBM, LLC, a New Jersey limited liability company,<br><br>Defendant. | Case No. CV 10-6437 GAF (JCGx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT. |

Pursuant to Federal Rule of Civil Procedure 26(c), by agreement of Plaintiff Sustainable Sourcing, LLC ("Sustainable Sourcing") and Defendant WBM, LLC

STIPULATED PROTECTIVE ORDER

("WBM"), the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' trade secrets[1] and other Attorneys' Eyes Only and Confidential Information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

A. **Definition of "Confidential Information"**

1. The terms "Confidential Information" and "Attorneys' Eyes Only Information" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential," or "Attorneys' Eyes Only" as set forth in the next paragraph.

   (a) "Confidential Information" shall mean material that a party claims in good faith contains or discloses non-public, confidential or proprietary information. For purposes of this Protective Order, proprietary or confidential information or trade secrets shall not include information or material that:

   (i) was, is or becomes public knowledge in a manner other than by violation of this Protective Order;

   (ii) is acquired by the non-producing party from an entity having the right to disclose such information or material;

   (iii) was lawfully possessed by the non-producing party prior to

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally know to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2
STIPULATED PROTECTIVE ORDER

the entry of this Protective Order by the Court; or

        (iv)    was developed by the non-producing party independent of the information produced under the Protective Order.

    (b)    "Attorneys' Eyes Only Information" shall mean material which is Confidential Information and which also contains financial information (such as, for example, sales information, advertising and promotional information), product formulas, information pertaining to marketing plans, strategic plans, FDA filings, the content of or strategy relating to pending patent applications or drafts of patent applications, know-how, proprietary research data, or information relating to unreleased products or products in development.

Except as specifically authorized by this Court, "Confidential Information" or "Attorneys' Eyes Only Information" shall not be disclosed or revealed to anyone not authorized by this Order to receive such information and shall be used only for the purpose of preparing for or conducting this litigation. All persons to whom "Confidential Information" or "Attorneys' Eyes Only Information" is disclosed shall be informed of and shown a copy of this Protective Order and shall agree to be bound by its terms.

**B.    Designation of Confidential Information**

    2.    If an exhibit, pleading, interrogatory answer or admission ("discovery response"), document or thing, or deposition transcript, other transcript of testimony,

declaration, or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential" or "Attorneys' Eyes Only" by the party contending there is confidential information therein. If an exhibit, pleading, discovery response, document or thing, testimony or other court submission contains information designated by the opposing party as "Confidential" or "Attorneys' Eyes Only," the words "Confidential" or "Attorneys' Eyes Only" shall be affixed thereto before production or service. If the item is a tangible object, the tangible object may be designated as "Confidential" or "Attorneys' Eyes Only" by affixing to the object or its container a label or tag indicating that the object is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". In all cases, it shall make no difference if the wording is in uppercase, lowercase, or a combination of the two.

3. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Attorneys' Eyes Only" at the time of the testimony or deposition, or in writing within two (2) weeks following the court reporter's transmission of the transcript to the receiving party, and shall be subject to the provisions of this Protective Order.

4. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts and information shall be treated as "Attorneys' Eyes Only" for a period of two (2) weeks after their transmission, and the transcript shall not be

disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 7 to review documents or information designated "Attorneys' Eyes Only" on behalf of that non-designating party. Notwithstanding anything to the contrary in this Order, during this two week period, a party taking a subsequent deposition may use at the deposition any information disclosed at the prior deposition which has not been designated as "Confidential" or "Attorneys' Eyes Only." Subject to the terms of Paragraph 15, any portion of any deposition testimony that is not designated as "Confidential Information" or "Attorneys' Eyes Only" in accordance with 3 hereof, within five (5) calendar days after a transcript of the deposition is transmitted, shall not be entitled to the protections afforded under this Protective Order.

5. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Attorneys' Eyes Only." Subject to the terms of Paragraph 15, if a copy of any such document is requested after inspection, the document shall only be deemed "Confidential" or "Attorneys' Eyes Only" if labeled or marked in conformity with Paragraph 2, with use, access and dissemination limited as set forth in this Protective Order.

C. **Use of and Access to Confidential Information**

6. Except upon written consent of the producing party, or upon further Order of this Court, "Confidential Information" and "Attorneys' Eyes Only

Information" shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order.

7. Access to information marked "Attorneys' Eyes Only" shall be limited to:

(a) Outside counsel of record for the receiving party and regular employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b) Witness in any deposition or other proceeding of this action, according to the following provisions: with respect to non-financial documents and information marked "Attorneys' Eyes Only," such documents and information may be shown only to a witness who is: (1) the author or recipient of the documents or information;" (2) a current employee of the producing party; or (3) a former employee of the producing party who was employed by the producing party at the time the document was created, except that if the former employee of a producing party is presently employed by a receiving party, such person shall not have access to documents or information marked "Attorneys' Eyes Only" under this section even if he or she was an employee of the producing party at the time the document was created, unless he or she did not have access to such documents or information while he or she was an employee of the producing party. In the event of a motion filed by a

receiving party concerning such access by a former employee of a producing party, the producing party shall have the burden to demonstrate that the former employee did not have access to such documents or information while he was employed by the producing party. With respect to financial documents and information, such documents and information marked "Attorneys' Eyes Only" may be shown only to a witness who is the author or recipient of the information marked "Attorneys' Eyes Only."

    (c)    Outside experts and consultants (and their employees or clerical assistants) who have been approved by the producing party according to Paragraph 9 and who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party;

    (d)    Court personnel in the conduct of their official duties and the trier of fact;

    (e)    Qualified persons taking or recording testimony involving "Attorneys' Eyes Only Information" and necessary stenographic and clerical personnel thereof; and

    (f)    Duplicating services, litigation consulting services, and auxiliary services of a like nature, routinely engaged by counsel for assistance in

litigation.

8. Access to information marked "Confidential" shall be limited to:

(a) Outside counsel of record for the receiving party and regular employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b) Witnesses in any deposition or other proceeding of this action who are the author or recipient of the information marked "Confidential";

(c) Outside experts and consultants (and their employees or clerical assistants) who have been approved by the producing party according to Paragraph 9 and who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party;

(d) Court personnel in the conduct of their official duties and the trier of fact;

(e) Qualified persons taking or recording testimony involving "Confidential Information" and necessary stenographic and clerical personnel thereof; and

(f) Duplicating services, litigation consulting services, and auxiliary services of a like nature, routinely engaged by counsel for assistance in

litigation.

9. The procedure for having a person identified under Paragraphs 7(c), 8(b), and 8(d), approved for access to information designated as "Confidential" or "Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a person approved shall provide the producing party with:

(i) The name of the person;

(ii) The present employer and title of the person;

(iii) A copy of the person's current curriculum vitae if the person is an outside expert or consultant; or, if the person is an in-house counsel, scientific advisor, or employee, a description of the person's duties and responsibilities; and

(iv) A written acknowledgment in the form of Exhibit A, attached hereto, signed by the person for whom approval is sought, stating that the person has read this Protective Order and agrees to be bound by its terms.

(b) Within ten (10) calendar days after service (via email, fax or overnight delivery service) of the information and the written acknowledgment described in Paragraph 9(a), the producing party may object in writing to the person proposed for approval upon a reasonable basis.

(c) The writing must describe with particularity the basis for the

objection. Disclosure of "Confidential Information" or "Attorneys' Eyes Only Information" to the person for whom approval is sought shall not occur before the ten day period for objections has elapsed, absent written consent from the producing party that it has no objection to the person viewing its "Confidential Information" or "Attorneys' Eyes Only Information." Failure to object in writing within ten (10) calendar days to the person proposed shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If objection is timely made, information designated as "Confidential" or "Attorneys' Eyes Only" shall not be disclosed to the designated person until the producing party withdraws its objection and/or the Court authorizes the disclosure.

(d)     If the producing party timely objects, the producing and requesting party shall confer and attempt to resolve the dispute. If the parties cannot resolve the dispute or if the conference does not take place, the producing party may file a motion [*strictly pursuant to Local Rule 37,*] with the Court seeking an order to prevent the disclosure. The burden of demonstrating good cause for denying access to "Confidential Information" or "Attorneys' Eyes Only Information" rests with the producing party.

(e)     It is understood and agreed that if, pursuant to this Protective Order, a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's

---

10
STIPULATED PROTECTIVE ORDER

consultation with the designating party, except as provided by Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

10. "Confidential Information" or "Attorneys' Eyes Only Information" shall not be disclosed to any person under Paragraphs 7(c), 8(b) or 8(d) unless and until such person has agreed in writing to be bound by the terms of this Protective Order and the requirements of Paragraph 9 have been fulfilled. The requirement of obtaining such written agreement shall be satisfied by obtaining the signature of each such person on the Confidentiality Agreement attached hereto as Exhibit A.

D. **Filing Under Seal** *The parties shall comply strictly with Local Rule 79-5.1.*

11. ~~Any material designated Confidential or Attorneys' Eyes Only, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.~~

12. ~~If a party does file evidence under seal, the party filing any paper that refers to or relies upon such evidence shall designate the particular aspects that are confidential in accordance with the guidelines set forth by the Court with respect to filing sealed information with the Court. Absent such advance designation, the Court will be free to incorporate all such evidence in its written and oral rulings.~~

13. ~~At the conclusion of this civil action, any material filed with the Court under seal shall be kept under seal or returned to the party filing it for disposition as~~

11
STIPULATED PROTECTIVE ORDER

~~provided in Paragraph 22, below.~~

E. **Inadvertent Disclosure And Redaction**

14. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces during discovery any "Confidential Information" or "Attorneys' Eyes Only Information" without designating it or marking it with the legend "Confidential" or "Attorneys' Eyes Only" or designates it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains "Confidential Information" or "Attorneys' Eyes Only Information" and that such material(s) should be treated as such in accordance with the provisions of this Protective Order. This notice must be given, in writing, within ten (10) calendar days of the producing party's discovery of the inadvertent or mistaken failure to designate the material "Confidential" or "Attorneys' Eyes Only." Upon receipt of such notice, and upon receipt of properly marked materials, the non-producing party shall, at the direction of the producing party, return or destroy said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or transcript testimony as containing "Confidential Information" or "Attorneys' Eyes Only Information," as the case may be, and shall cooperate in restoring the confidentiality of such "Confidential Information" or "Attorneys' Eyes Only Information." The unintentional disclosure by a party of "Confidential

Information" or "Attorneys' Eyes Only Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The non-producing party shall not be responsible for the disclosure or other distribution of belatedly designated "Confidential Information" or "Attorneys' Eyes Only Information" as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

15. If material subject to a claim of attorney-client privilege or work-product immunity is produced through inadvertence or mistake, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has so produced material subject to a claim of immunity or privilege, upon a request made within ten (10) calendar days of that party's discovery of the production or within ten (10) calendar days of notice from the other party of potential production, such material shall be returned promptly and, if a document, all copies of that documents shall be destroyed. The party returning such material may then move the Court for an Order compelling production of such material *strictly pursuant to Local Rule 37*. The party returning

13
STIPULATED PROTECTIVE ORDER

such material will seek leave to file its Motion under seal, *pursuant to L.R. 79-5.1.*

### F. Miscellaneous Provisions

16. In the event any of the parties is: (a) subpoenaed in another action; (b) served with a demand in another action to which it is a party; or (c) served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose information that was designated as "Confidential" or "Attorneys' Eyes Only" by a producing party in this action, the party subpoenaed or served as referred to in this Paragraph shall object to production of the "Confidential Information" or "Attorneys' Eyes Only Information" and shall give prompt written notice to the other parties to this litigation with sufficient time to afford the other parties to this litigation the opportunity to intervene. The notice shall include a copy of any such subpoena, demand or other legal process. Should the person seeking access to the "Confidential Information" or "Attorneys' Eyes Only Information" take action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Protective Order. Nothing in this Protective Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of "Confidential Information" or "Attorneys' Eyes Only Information" covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order or to seek any relief from this Court. By entering this

Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

17. Nothing in this Protective Order shall be construed as a finding that any designated "Confidential Information" or "Attorneys' Eyes Only Information" actually constitutes or contains proprietary or confidential material or trade secrets.

18. There shall be no obligation to challenge a "Confidential Information" or "Attorneys' Eyes Only Information" designation when such designation is made, and failure to do so shall not preclude a subsequent challenge. Any party who objects to the designation of any document or information as "Confidential Information" or "Attorneys' Eyes Only Information" or objects to a restriction on the use of such "Confidential Information" or "Attorneys' Eyes Only Information" shall reasonably discuss the matter with the producing party in an attempt to reach agreement as to the appropriate designation. If the parties are unable to agree as to whether either designation is appropriate, the parties shall certify to the Court that they cannot reach an agreement, pursuant to Local Rule 37. Thereafter, the objecting party or parties shall have the right to file a motion to remove or modify the designation for any documents or information in dispute. The party or parties producing the documents or information shall have the burden of establishing that the disputed documents or information is entitled to the designation at issue pursuant to the terms of Paragraph 1 hereof. Unless and until a contrary

ruling is made by the Court, the information and documents at issue shall continue to be treated as "Confidential Information" or "Attorneys' Eyes Only Information."

19. Nothing in this Protective Order shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this litigation. In the course of doing so, said attorney may generally refer to or rely upon his or her examination of "Confidential Information" or "Attorneys' Eyes Only Information," but shall not disclose the specific contents of such information to persons not authorized to receive such information pursuant to this Protective Order, except by written agreement with opposing counsel of record.

20. The terms of this Protective Order are applicable to "Confidential Information" and "Attorneys' Eyes Only Information" produced by a non-party, and a party or a non-party may designate documents produced in connection with this litigation "Confidential Information" and "Attorneys' Eyes Only Information." Such information so designated will be protected by the remedies and relief provided by the Protective Order.

21. In the event that the case proceeds to trial, all of the information that was designated as "Confidential Information" or "Attorneys' Eyes Only Information" and/or kept and maintained pursuant to the terms of a protective order becomes public and will be ~~presumptively~~ available to all members of the public, including the press, ~~unless sufficient cause is shown in advance of trial to proceed otherwise.~~ *If parties desire any provisions relating to presentation in court, including trial, they shall take it up with the appropriate judicial officer conducting the proceeding at the appropriate time.*

16
STIPULATED PROTECTIVE ORDER

///

22. Upon the final conclusion of this litigation, all persons to whom "Confidential Information" or "Attorneys' Eyes Only Information" has been disclosed shall, without demand, either (a) destroy, or (b) return to the party that originally produced it, all "Confidential Information" and "Attorneys' Eyes Only Information" (and all copies of such material) and all other documents containing information taken from documents that contain "Confidential Information" and "Attorneys' Eyes Only Information," except that each party's outside counsel may retain one copy of pleadings, briefs, motions and the like actually filed with the Court that may include "Confidential Information" or "Attorneys' Eyes Only Information." All recipients of "Confidential Information" or "Attorneys' Eyes Only Information" shall certify in writing within sixty (60) calendar days of the conclusion of this litigation that they have complied with the provisions of this Paragraph. *[handwritten: Except the Court]*

23. ~~Upon the final conclusion of this litigation:~~

   (a) ~~any "Confidential Information" or "Attorneys' Eyes Only Information" produced hereunder that has been submitted for identification or into evidence at any hearing or trial in this litigation may be withdrawn by counsel for the person who offered such "Confidential Information" or "Attorneys' Eyes Only Information" into evidence;~~

   (b) ~~the Clerk is authorized to deliver said "Confidential~~ 

17
STIPULATED PROTECTIVE ORDER

1 ~~Information" or "Attorneys' Eyes Only Information" to said counsel;~~

2 (c) ~~any such "Confidential Information" or "Attorneys' Eyes Only Information" not returned to counsel shall be destroyed.~~

24. Nothing in this Protective Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product.

25. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

///

///

///

///

///

///

///

///

///

///

26. This Protective Order may be signed in parts, and may be submitted to the Court with signatures on separate signature pages. Facsimile copies of signatures shall be deemed to have the same force and effect as original signatures, and may be submitted to the Court in lieu of original signatures.

IT IS SO STIPULATED.

Dated: February 28, 2011                    Dated: February 28, 2011

/s/ Ryan M. Kaiser                          /s/
Ryan M. Kaiser                              Brian Newman
AMIN TALATI, LLC                            Dykema Gossett LLP
225 N. Michigan Ave, Suite 700              333 South Grand Ave., Suite 2100
Chicago, IL 60601                           Los Angeles, CA 90071
Telephone: (312) 327-3328                   Telephone: (213) 457-1731
Facsimile: (312) 884-7352                   Facsimile: (213) 457-1850

*Attorneys for Sustainable Sourcing, LLC*   *Attorneys for WBM, LLC*

IT IS SO ORDERED.

Dated: 3·1·2011

~~GARY ALLEN FEESS~~ JAY C. GANDHI
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

---
19
STIPULATED PROTECTIVE ORDER